```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID W. ROBINSON,

                        Plaintiff,
    v.
                                            DECISION AND ORDER

KAREN FOSTER,                               6:19-CV-06454-MAT

                        Defendant.
_____
```

## **INTRODUCTION**

Plaintiff David W. Robinson, proceeding *pro se*, brings this action against defendant Karen Foster, an IRS agent, alleging violations of his civil rights. *See* Docket No. 1-3. Presently before the Court is Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docket No. 5. For the reasons set forth below, Defendant's motion is granted. Plaintiff's complaint is dismissed.

## **BACKGROUND**

In his complaint, Plaintiff alleges:

> In 1999 my museum burned to the ground. My Insurance Co. was Allstate. Allstate broke NYS insurance law, and instead of paying me in good faith, they have tried to destroy me. As a result of Allstate's illegal behavior Rani Gupta and Karen Foster violated my Civil Rights. These two stole many checks from me. The whole audit was illegal, and was overturned. i am in pos[s]ession of a FOIA Request which totally proves all my charges.

Docket No. 1-3 at 2. Plaintiff seeks monetary damages in the amount of $1,000,000, with interest from the date of February, 2000, as well as for Foster and Gupta to be removed as IRS agents. *Id*.

## **PROCEDURAL HISTORY**

Plaintiff filed his complaint in Monroe County Supreme Court on April 29, 2019. Docket No. 1-3. On June 21, 2019, Defendant filed a notice of removal, seeking to remove the case to the United States District Court for the Western District of New York. Docket No. 1. Defendant alleged removal based on 28 U.S.C. § 1442(a)(1), for "a civil action . . . commenced in a State court against an officer of an agency of the United States, in an official or individual capacity, for or relating to an act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the collection of the revenue." *Id*. at 1. Defendant sent a copy of the Notice of Removal via U.S. Mail to Plaintiff, *id*. at 3, and filed in Monroe County Supreme Court a Notice of Filing of Papers Removing Action to the United States District Court, *see* Docket No. 3-1.

On July 18, 2019, Defendant filed the instant motion to dismiss. Docket No. 5. The Court set a response date of August 2, 2019, and a reply date of August 9, 2019. A copy of these deadlines were sent by first class mail to Plaintiff. Plaintiff did not file any response.

**DISCUSSION**

I.  **Standard**

To withstand a Rule 12(b)(6) motion to dismiss, the complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citations and quotation marks omitted). Determining whether a complaint meets the plausibility standard is "context-specific" and requires that the court "draw on its judicial experience and common sense." *Id.* at 679. A claim may be dismissed as time-barred "if the factual allegations in the complaint clearly show that the claim is untimely." *St. John's University, N.Y. v. Bolton*, 757 F. Supp. 2d 144, 157 (E.D.N.Y. 2010).

A court considering a motion to dismiss a *pro se* complaint "must construe [the complaint] broadly, and interpret [it] to raise

-3-

the strongest arguments that [it] suggest[s]." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotations and citations omitted). However, a *pro se* party still must come forward with factual allegations that are enough to raise a right to relief "above the speculative level." *Twombly*, 550 U.S. at 555; *see also Pugh v. Reverse Mortgage Solutions, Inc.*, No. 18-CV-01705(LDH)(JO), 2019 WL 6352465, at *2 (E.D.N.Y. Nov. 27, 2019) ("even pro se plaintiffs asserting civil right[s] claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level.") (internal quotations and citations omitted). Thus, where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly,* 550 U.S. at 570.

## II. **Defendant's Notice of Removal**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1442(a)(1), pursuant to which Defendant alleges removal, "enables a defendant to remove to federal court a civil suit filed against it in state court for certain acts it has performed under the direction of an agency of the United States." *See Keating v.*

*Air & Liquid Systems Corp.*, No. 18-CV-12258(JPO), 2019 WL 3423235, at *1 (S.D.N.Y. July 30, 2019)); *see also* 28 U.S.C. § 1442(a)(1) ("A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for . . . the collection of the revenue.").

In order to properly remove an action to federal court, a defendant must satisfy three procedural requirements: "(1) the filing of a notice of removal with the federal court; (2) notice to the adverse parties; and (3) the filing of a copy of the notice of removal with the appropriate state court." *Hardman v. Bristol-Myers Squibb Co.*, No. 18-CV-11223(ALC), 2019 WL 1714600, at *3 (S.D.N.Y. Apr. 17, 2019) (citing 28 U.S.C. § 1446(d)). As noted above, Defendant has satisfied each of these requirements. *See* Docket No. 1 (notice of removal); Docket No. 1 at 3 (notice to Plaintiff); Docket Nos. 3, 3-1 (state court notice).

The Court notes that "[w]here a case is removable based on the initial pleadings, a defendant must file a notice of removal within

30 days of 'the receipt by the defendant, through service or otherwise, of a copy of the initial pleading.'" *Mintz & Gold LLP v. Daibes*, No. 15 Civ. 1218(PAE), 2015 WL 2130935, at *3 (S.D.N.Y. May 6, 2015) (quoting 28 U.S.C. § 1446(b)(1)), *aff'd*, 643 F. App'x 35 (2d Cir. 2016). Defendant's Notice of Removal states that "the removal is timely," *see* Docket No. 1 at 1, but there is no documentation confirming that Defendant was served with Plaintiff's complaint within thirty days of the date of removal. Rather, Defendant has attached an Index to the Notice of Removal, which indicates that an "Affidavit of Service, Dated May 29, 2019," was filed and/or served in the state case. *See* Docket No. 1-2. Defendant explains that "[t]he United States has not been able to obtain a copy of the Affidavit of Service to be filed with the Court pursuant to W.D.N.Y. Local Civ. R. 81(a)(3)(B)." *See id.* at n.1. Although the rules for removal require a moving party to attach copies of previous filings in the case to the Notice of Removal, any error made by Defendant in this respect is procedural. Therefore, the case cannot be remanded, as more than thirty days have elapsed since Defendant filed the Notice of Removal. *See Cassara v. Ralston*, 832 F. Supp. 752, 753 (S.D.N.Y. 1993) ("Remand based not on the absence of subject matter jurisdiction, but rather on a defect in removal procedure - such as untimeliness of removal - must be effected 'within 30 days after the filing of the notice of removal under section 1446(a).' This time limitation applies to

*sua sponte* actions of the court, and not just to motions brought on by parties.") (quoting 28 U.S.C. § 1447(c)).

III. **Plaintiff's Complaint is Subject to Dismissal**.

Defendant moves for dismissal of Plaintiff's complaint because Plaintiff's claims are time-barred by the statute of limitations. *See* Docket No. 5-1 at 2 n.1. According to Defendant "[t]his lawsuit is 'another chapter in plaintiff's efforts to obtain compensation and insurance coverage for a fire that occurred in a barn on plaintiff's property.'" Docket No. 5-1 at 2 (quoting *Robinson v. County of Yates*, 821 F. Supp. 2d 564, 566 (W.D.N.Y. 2011)). Defendant offers the following in support of her argument that Plaintiff's claims are barred by the statute of limitations:

> On December 20, 2001, Robinson sued Allstate Insurance Company in New York State Supreme Court, alleging claims for breach of contract and other theories under New York law. *See Robinson v. Allstate*, 706 F. Supp. 2d 320, 332 (W.D.N.Y. 2010). Judgement was entered in Allstate's favor on March 1, 2007. *Id*.
> 
> Then, on August 31, 2007, Robinson sued Allstate Insurance Company; the New York State Department of Insurance Fraud Bureau and its inspector; Yates County and its sheriff's department, sheriff, and investigator; and the Village of Penn Yan and its chief of police in this Court for violations of 42 U.S.C. §§ 1983 and 1985 regarding the same incident. *See Robinson v. Allstate*, No. 6:07-CV-6431-DGL-MWP (W.D.N.Y.) (Doc. No. 1). Eventually, Robinson's claims against all defendants were dismissed. *See id.* at Doc. Nos. 43, 63, & 85; *see also Robinson*, 821 F. Supp. 2d at 566-67. The Second Circuit affirmed judgment in favor of all defendants. *See Robinson v. Allstate Ins. Co.*, 508 F. App'x 7 (2d Cir. Jan. 22, 2013).
> 
> Although Robinson did not name Karen Foster in his 2007 complaint, his allegations which give rise to this most

-7-

>recent lawsuit were discussed at length in the 43-page pleading he filed in that case.

Docket No. 5-1 at 2-3. Defendant cites to the allegations contained at paragraphs 61 through 71 of the complaint in the aforementioned 2007 case filed by Plaintiff, *Robinson v. Allstate*, No. 6:07-CV-6431-DGL-MWP (Docket No. 1). *See id.* at 3-4. The allegations contained in Plaintiff's 2007 complaint recount Defendant's "late January, 2000" visit to Plaintiff's home, during which Defendant questioned Plaintiff about tax deductions on his 1998 personal income tax return. *Id.* at 3. The complaint also recounts another visit by Defendant to Plaintiff's home, which took place "[a]pproximately 2 weeks after her first visit," during which Defendant wore a wire and inquired about two businesses, "Cyclenet Incorporated," and "AR Streettracker." *Id.; see also Robinson v. Allstate, et al.*, 6:07-cv-06431-DGL-MWP, Docket No. 1 at ¶¶ 61-71. Defendant concludes that "[n]ow, nearly two decades after the fire that gave rise to his lawsuits against Allstate and state and local officials, Robinson rekindles this long-dormant dispute by suing Karen Foster. . . ." Docket No. 5-1 at 4.

The Court notes much of the above-mentioned information is not included in Plaintiff's 2019 complaint, which is currently before the Court and contains very brief factual allegations; *i.e.*, that in connection with a fire that occurred in Plaintiff's museum in 1999, he was wronged by Allstate and Defendant Foster. *See* Docket No. 1-3 at 2. "In deciding a motion to dismiss, the Court is

confined to 'the allegations contained within the four corners of [the] complaint,' but this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken." *See Diamond Collection, LLC v. Underwraps Costume* Corporation, No. 17-CV-0061(JS)(SIL), 2019 WL 347503, at *2 (E.D.N.Y. Jan. 22, 2019) (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998); citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)) (alteration in original); *see also Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 293 (S.D.N.Y. 2018) ("On a 12(b)(6) motion, courts are constrained in their review to the four corners of the complaint, the documents attached thereto, those that are integral to the complaint or incorporated by reference, and those facts or documents of which the court can take judicial notice.") (citing *Bristol v. Nassau County*, 685 F. App'x 26, 28 (2d Cir. 2017)). "Courts may take judicial notice of public documents or matters of public record." *Id.* at 294 (citing *Porrazzo v. Bumble Bee Foods, LLC*, 822 F. Supp. 2d 406, 411 (S.D.N.Y. 2011) (judicial notice of "publicly available documents" permitted)).

The aforementioned documents which Defendant relies upon in support of her argument that Plaintiff's claims are time-barred, including Plaintiff's related 2007 complaint in Case No. 6:07-cv-06431, also filed in the Western District of New York, are publicly

available on the Court's website. The Court takes judicial notice of these materials in considering Defendant's motion to dismiss. *See Javed v. Medgar Evers College of the City University of N.Y.*, No. 15-cv-7424(FB/ST), 2017 WL 4357138, at *4 n.8 (E.D.N.Y. Sept. 39, 2017) ("The [second amended complaint] does not specify when [the plaintiff] filed his EEOC claim. However, the First Amended Complaint does. 'The Court may take judicial notice of [a prior complaint] as matters of public record.'"), *aff'd*, 724 F. App'x 73 (2d Cir. 2018) (quoting *Eaves v. Designs for Finance, Inc.*, 785 F. Supp. 2d 229, 245 (S.D.N.Y. 2011)) (third alteration in original); *see also Reisner v. Stoller*, 51 F. Supp. 2d 430, 440 (S.D.N.Y. 1999) ("The court may . . . take judicial notice of matters of public record, such as pleadings and court orders from prior litigation between the parties."). The 2007 complaint contains allegations by Plaintiff concerning his prior interactions with Defendant.

Plaintiff alleges that Defendant, a federal agent, violated his civil rights following the burning of his museum in 1999. *See* Docket No. 1-3 at 2. The statute of limitations applicable to Plaintiff's civil rights claim is three years. *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987) ("[W]e hold that section 214(5) of the New York Civil Practice Law and Rules is the applicable [three-year] statute of limitations for *Bivens* actions brought in federal court in New York State."); *see also Abbas v. United States*, No. 10-CV-141S, 2018 WL 10038793, at *7 (W.D.N.Y. Feb. 28, 2018) ("The statute of limitations applicable to *Bivens* actions brought

in federal courts in New York State is three years."). "A *Bivens* claim accrues under federal law for statute of limitations purposes when a plaintiff either has knowledge of his or her claim or has enough information that a reasonable person would investigate and discover the existence of a claim." *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015).

Plaintiff alleges that his museum burned to the ground in 1999. *See* Docket No. 1-3 at 2. According to Plaintiff, Allstate engaged in illegal behavior and, as a result, Defendant committed various wrongful acts against him. *Id.* Defendant visited Plaintiff's home on two occasions in 2000, and he currently seeks interest beginning in February 2000. Accordingly, any alleged violation of Plaintiff's civil rights accrued well before April 29, 2016 - at the very latest, in 2007, when Plaintiff's original federal complaint containing allegations against Defendant was filed - and are barred by the three-year applicable statute of limitations. Accordingly, to the extent Plaintiff's complaint alleges a violation of his civil rights, it is dismissed.

Construed broadly, Plaintiff's complaint also alleges violation of 26 U.S.C. § 7433, which authorizes civil damages for the unauthorized collection of taxes. *See* Docket No. 1-3 at 2 ("The whole audit was illegal, and was overturned."). Pursuant to 26 U.S.C. § 7433(a):

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title,

> such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

Also, like Plaintiff's civil rights claim, any claim asserted pursuant to Section 7433 is time-barred. Actions under section 7433 must be brought "within 2 years after the date the right of action accrues." *Id*. at § (d)(3). "A right of action accrues 'when the taxpayer has had a reasonable opportunity to discover[] all essential elements of a possible cause of action.'" *Buczek v. United States*, No. 15-CV-273S, 2018 WL 2119587, at *3 n.3 (W.D.N.Y. May 8, 2018) (quoting 26 C.F.R. § 301.7433-1 (g)(2)). Plaintiff's complaint recounts events which occurred twenty years ago, following the burning of his museum in 1999. *See* Docket No. 1-3 at 2. As explained above, Defendant visited Plaintiff's home on two occasions in 2000. Accordingly, any alleged violation of Section 7433 accrued well before April 29, 2017 - at the very latest, in 2007, when Plaintiff filed a complaint describing Defendant's conduct - and are barred by the two-year applicable statute of limitations.

Finally, Plaintiff's complaint may be construed to allege a cause of action for conversion. *See* Docket No. 1-3 at 2 ("These two stole many checks from me."). Under New York law, conversion is "the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights," and "includes a denial or violation of the plaintiff's dominion, rights, or possession over her property."

*Thyroff v. Nationwide Mutual Insurance Co.*, 460 F.3d 400, 403-04 (2d Cir. 2006) (internal quotations and citations omitted). "Conversion claims are subject to a three-year statute of limitations, which begins to run upon the date of conversion." *Super American Tissue, Inc. v. Global Equipment & Machinery Sales, Inc.*, No. 18 Civ.3851(LGS), 2019 WL 6211709, at *4 (S.D.N.Y. Nov. 21, 2019) (citing N.Y. C.P.L.R. § 214(3)). As noted by Defendant, the complaint does not state when the alleged conversion took place, but it could not have taken place after 2007 when Plaintiff filed his original federal complaint, which includes allegations against Defendant based on conduct that occurred in 2000. Accordingly, any conversion claim asserted by Plaintiff accrued years ago, and is now time-barred.

In sum, Plaintiff seeks to recover for alleged conduct that occurred almost twenty years ago. Given the history of this case, his claims are clearly time-barred by the applicable statute of limitations. The Court notes that "[d]istrict courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile." *Utah v. Starbucks Corp.*, No. 19-CV-10733(CM), 2019 WL 6341565, at *2 (S.D.N.Y. Nov. 27, 2019). Plaintiff's claims, which are barred by the applicable statute of limitations, may not be cured by amendment. Accordingly, the Court will not grant Plaintiff leave to amend his complaint. Plaintiff's complaint (Docket No. 1-3) is dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss (Docket No. 5) is granted. Plaintiff's complaint (Docket No. 1-3) is dismissed. The Clerk of Court is directed to close the case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:  December 5, 2019
        Rochester, New York